# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DWIGHT DEE DEE COLSTON,**

    Plaintiff,

vs.                                    Case No. 4:06cv298-MP/WCS

**GREGORY WOMBLE,
and MS. JACKSON,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Efforts have been ongoing in this civil rights case since August 24, 2006, to serve the complaint the two named Defendants who were employees of the Florida State Hospital. Doc. 15. When nothing had been filed indicating service of process had taken place, another Order was entered directing the United States Marshal to make another attempt at service. Doc. 20. Following that November, 2006, service order, two unexecuted summons were returned in January, 2007. Docs. 24 and 25. The Marshal's Service advised that service could not be carried out on Defendant Jackson because there are 28 persons employed at the hospital named "Ms. Jackson." Doc. 24. Defendant Womble "retired two years ago" and could not be served at the hospital. Doc. 25.

An order was entered on February 7, 2007, directing the *pro se* Plaintiff to "provide greater clarification as to the identity of Ms. Jackson."  Doc. 26.  The order explained that service could not be carried out if Plaintiff failed to provide that clarification.  *Id.*  Furthermore, the order stated that it was Plaintiff's obligation "to locate Defendant Gregory Womble so that service may be obtained."  *Id.*  Plaintiff was advised that "[n]o further assistance from the Court is possible until Plaintiff[1] provides a response to this Order."  *Id.*

On February 21, 2007, Plaintiff submitted a notice indicating he was seeking an attorney to represent him.  Doc. 27.  That notice, however, was not responsive in any meaningful way to the requirement to identify and/or locate the Defendants so this case could proceed.  After the March 7, 2007, deadline had passed, *see* doc. 26, an order to show good cause was entered.  Doc. 28.  That order required Plaintiff to show good cause for allowed this case to proceed and directed Plaintiff to "provide clarification as to the identity of Defendant **Ms. Jackson**, and provide an address for service of process on Defendant **Gregory Womble**."  *Id.*

Plaintiff has once again filed a response to that order which is insufficient and not responsive.  Doc. 29.  Construed quite liberally, Plaintiff indicates a desire to have this case remain open and be granted more time.  *Id.*  However, Plaintiff contends that others have been derelict in their duties.  Absent from this response is any indication that Plaintiff has made any effort to locate Defendant Womble.  Absent from this response is any statement providing greater identification concerning Defendant

---

[1] Plaintiff was released from prison and filed a notice of change of address back in September, 2006.  Doc. 18.

Jackson.  Absent from this response is any basis to continue this case because Plaintiff, who is no longer in prison but has been free for approximately eight months, has not taken steps to prosecute his case.  It is not the Court's responsibility to litigate a case, but Plaintiff's responsibility.  Because Plaintiff has not provided a meaningful response to the Order to Show Cause and has not demonstrated a desire to litigate his own case, it is recommended that this case be closed for failure to comply with court orders and failure to prosecute.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** without prejudice for failure to comply with court orders and failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2007.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**